IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KELVIN GERRARD TYLER, JR.,  :
              Petitioner,  :
            v.  :   C.A. No. 24-51-GBW
BRIAN EMIG, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,  :
              Respondents.  :

**MEMORANDUM**

**I.   INTRODUCTION**

Petitioner appears to be a pre-trial inmate at the James T. Correctional Center in Smyrna, Delaware. On January 18, 2024, Petitioner filed in this Court a petition for a writ of habeas corpus captioned for the Delaware Superior Court asserting that he has been incarcerated for 145 days without being indicted ("Petition"). (D.I. 1 at 1) The Petition asserts that Petitioner invoked his right to a speedy trial at his first preliminary hearing on September 6, 2023, yet no trial has been scheduled. (D.I. 1 at 2) The Petition explicitly asks that Petitioner be released from custody. (*Id.*)

On February 5, 2024, Petitioner filed a handwritten document captioned for this Court and titled "Motion to Dismiss". (D.I. 3) In his Motion to Dismiss, Petitioner asserts that he filed in the Delaware Superior Court a motion to dismiss his state criminal case for failure to timely indict. (D.I. 3 at 2) He further asserts that, on January 8, 2024, the Delaware Superior Court held a hearing and granted the State an extension of time to file an indictment. (D.I. 3 at 2) Petitioner asks the Court to dismiss all charges against him and 'dismiss [his] case for failure to timely indict [in violation of his] 6th Amendment right to a quick and speedy trial." (D.I. 3 at 1, 5)

## II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-

42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial). In addition, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

### III. DISCUSSION

Based on Petitioner's assertions, the Court liberally construes the Petition and the Motion to Dismiss as seeking federal habeas relief. Nevertheless, Petitioner's filings do no warrant relief. First, it is clear from the face of the Petition and Motion to Dismiss that Petitioner is not in custody pursuant to a state

3

court judgment, because he has not yet undergone his state criminal trial on the charges for which he was arrested. Second, it does not appear that Petitioner has exhausted state remedies for his speedy trial claim. And finally, since the only relief Petitioner requests is the dismissal of all the charges against him, Petitioner is improperly attempting to abort a state criminal proceeding. Given these circumstances, the Court concludes that summary dismissal of the instant case is appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the Petition and Motion to Dismiss. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: April 15, 2024

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE